## POLK COUNTY v. ANDREWS.

Circuit Court, Polk County.

February 28, 1957.

J. C. Rogers and Ralph E. Daugherty, both of Lakeland, for petitioner.

Bentley, Shafer & Miller, Lakeland, for defendants.

WILLIAM P. ALLEN, Circuit Judge.

Edward O. Leigh and his wife have filed a petition requesting the court to enter an order requiring the payment to them of a sum of money heretofore paid into the registry of the court as compensation for the taking of property by Polk County, the condemning authority in this case. Polk County has filed a motion to dismiss the petition.

The primary question for the court to decide is the application of section 74.07, Florida Statutes 1955. This section provides— "Upon application of the parties in interest, the court may order that the sum of money set forth in the declaration of taking be paid forthwith for or on account of the just compensation to be awarded in said proceeding from the money deposited with the clerk of said court. * * *"

Prior to the amendment of chapter 74 by omitting from said chapter any proviso that the declaration of taking by the condemning authority should estimate the sum of money that would be just compensation for the land taken, the petition of Leigh would be tenable. Since, however, the declaration of taking does not now require any estimate of the value of the property to be taken, this

court is of the opinion that section 74.07 would be applicable, if at all, only when considered in relation to section 74.15, which is the part of chapter 74 pertaining to condemnation by flood control and drainage districts.

It will be noted that section 74.15 (2) (e) provides that the "declaration of taking shall contain or have annexed thereto: * * * (e) A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken."

Chapter 74, Florida Statutes, was historically derived from chapter 19,217, Acts of 1939, relating to housing authorities, and chapter 20,304, Acts of 1941, relating to state and county and other governmental agencies, involving eminent domain procedure. Because the two acts were practically identical, they have been consolidated in the present chapter 74.

Section 74.01 was amended by chapter 26,921, Acts of 1951, which omitted several items the declaration of taking formerly required, including paragraph 5, which provided that the petitioner should estimate the value of the property taken.

It will be noted that section 74.07 provides that the court may order the sum of money set forth *in the declaration of taking* to be paid to the land owners. Now, since under the present law there is no sum of money estimated in the declaration of taking in the eminent domain cases filed by the state and counties, section 74.07 is a nullity in so far as this type of case is concerned. The order of the court requiring certain monies to be paid into the registry of the court relates to twice the estimated value determined by the court to be a fair appraisal of the property taken. Even under the law that formerly existed where the declaration of taking had to contain an estimate of the value of the property taken if the court should enter an order pursuant to the provisions of 74.07 the amount to be paid the land owner would be the estimated value of the declarant and not the appraised value determined by the court from the testimony of the appraisers and other testimony that might have been taken.

The petitioner Leigh in his brief quotes from federal cases which construe the federal statute as authorizing such payments as he now seeks in this court, among which appears United States of America v. Victor N. Miller, et al., 317 U.S. 369, which is quoted in his brief as follows—"The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment 'on account of' compensation and not a final settlement of the amount due. To hold otherwise would defeat the policy

of the statute and work injustice; would be to encourage federal officials to underestimate the value of the property with the result that the Government would be saddled with interest on a larger sum from date of taking to final award, and would be to deny the owner the immediate use of cash approximating the value of his land."

It will be observed from the above quotation that the Supreme Court was referring to the estimated compensation which is necessary for the declarant to make in the federal suits—as it formerly was under the Florida statute.

The county's motion to strike the petition of the defendant Leigh is therefore granted.